IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROGER DEAN MATICE,<br>　　ID # 47448-379,<br>　　　　Petitioner, | )<br>)<br>)<br>) |
| vs. | )   No. 3:19-CV-300-S-BH |
| | ) |
| M. UNDERWOOD, Warden,<br>　　　　Respondent. | )<br>)   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion for Award of Good Time Under Title 28 USC §2241*, received on February 11, 2019 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DISMISSED** for lack of jurisdiction.

## I.　BACKGROUND

Roger Dean Matice (Petitioner), a federal prisoner incarcerated at the Federal Correctional Institution in Seagoville, Texas (FCI Seagoville), was convicted of one count of distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256(8)(A) in the United States District Court for the Southern District of Texas. (*See* doc. 13 at 34-37.)[2] He was sentenced to a total term of 60 months' imprisonment, to be followed by a five-year term of supervised release. (*See id.* at 35-36.)

On February 11, 2019, he filed a petition under 28 U.S.C. § 2241 challenging "the execution of a sentence how good time is calculated." (doc. 3 at 1.) He argues that he is entitled

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to "the extra seven days of good time per year as required under the First Step Act of 2018 Section 102(b)(1)," and seeks a total of 35 additional days of good time credit. (*Id.* at 1, 4.) The respondent argues that the § 2241 petition "should be dismissed because [Petitioner] has not exhausted his administrative remedies, his sentence has been calculated correctly, and the First Step Act provision regarding GCT [Good Conduct Time] is not yet effective." (doc. 10 at 5.) Petitioner did not file a reply.

Petitioner was released from custody on May 23, 2019, and the parties were ordered to file an advisory regarding the effect of Petitioner's custody status on his pending § 2241 petition. (*See* doc. 15.) On June 3, 2019, the respondent filed a response to the order arguing that the § 2241 petition should be dismissed as moot because Petitioner had been released from custody. (*See* doc. 16.) Petitioner did not file a response to the order.

## II. JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

2

Here, Petitioner's request for additional good time credit to his sentence was pending at the time he was released from custody. A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody," however. *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)). The possibility that a district court may shorten a period of supervised release under 18 U.S.C. § 3583(e)(2) "if it determines that [the defendant] has served excess prison time" can keep a § 2241 petition from being rendered moot. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); *see also Greene v. Underwood*, 939 F.3d 628, 628 (5th Cir. 2019). Because Petitioner's five-year term of supervised release following the completion of his sentence could be shortened if he served excess prison time, his release from custody alone does not render his § 2241 petition moot.

A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Salgado*, 220 F. App'x at 257 (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). Under § 3583(e), only the sentencing court may make the determination of whether Petitioner served excess time. *See Lawson v. Berkebile*, 308 F. App'x 750, 752 (5th Cir. 2009) (citing 18 U.S.C. §§ 3583(e)(2), 3605). Petitioner was sentenced in the Southern District of Texas, and there is no indication from that court's docket that jurisdiction has been transferred elsewhere. This Court lacks jurisdiction to determine whether Petitioner has served excess prison time, and because it cannot grant him the relief he seeks, his § 2241 petition has been rendered moot. *See, e.g.*, *Richardson v. Underwood*, No. 3:19-CV-338-C-BH, 2020 WL 1526912, at *2 (N.D. Tex. Mar. 30, 2020) (citing cases), *rec. adopted* 2020 WL 1987270 (N.D. Tex. Apr. 27, 2020). Accordingly, the § 2241 petition should be dismissed for lack of jurisdiction.

### III. RECOMMENDATION

The *Motion for Award of Good Time Under Title 28 USC §2241*, received on February 11,

3

2019 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 5th day of November, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE